IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

---

**HELEN HOLLAND**, Individually,
on behalf of herself and on behalf of
all other similarly situated current
and former employees,

                Plaintiffs,

                NO. 17-cv-00048

v.

                FLSA Opt-In Collective Action

**FULENWIDER ENTERPRISES, INC.,**       **JURY DEMANDED**
a North Carolina Corporation,
**PHOENIX TACO, L.L.C.,**
a North Carolina Limited Liability Company,
**MICHAEL FULENWIDER,** an Individual,
**TOM HIRUNPUGDI,** an Individual, and
**ERSKINE WHITE,** an Individual,

                Defendants.

---

### COLLECTIVE ACTION COMPLAINT
---

Plaintiff Helen Holland, individually, and on behalf of all others similarly situated, hereby files her Collective Action Complaint against Defendants Fulenwider Enterprises, Inc., Phoenix Taco, L.L.C., Michael Fulenwider, Tom Hirunpugdi, and Erskine White and alleges as follows:

**I.**

**INTRODUCTION**

1. Plaintiff, Helen Holland, was an employee of Defendants Fulenwider Enterprises, Inc., and Phoenix Taco, L.L.C., at all times relevant to this Collective Action Complaint. Plaintiff was employed at Defendants' N. Tryon Street, University Point Blvd., N.

1

Wendover Road, S. Tryon Strret, E. Woodlawn Road, Pineville Matthews Road and Albemarle Road locations in Charlotte, North Carolina. Plaintiff is a resident of North Carolina. Plaintiff's "Consent to Join" this collective action is attached as Exhibit A.

2. This lawsuit is brought against Defendants as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid overtime compensation for Plaintiff and other similarly situated current and former employees who are members of a class as defined herein.

3. At all times material to this Collective Action Complaint, Plaintiff and the class performed non-exempt labor duties on behalf of Defendants.

4. Based on the information preliminarily available, and subject to discovery in this cause, Defendants did not compensate Plaintiff, and those similarly situated employees of Defendants, for all overtime hours worked in excess of forty (40) per week during all times relevant to this Collective Action Complaint.

## II.

## JURISDICTION AND VENUE

5. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants regularly conduct business in this district, Defendants' wage and hour plans, policies and practices were developed and created in this District and have been administered in this District.

# III.

## CLASS DESCRIPTION

7. Plaintiff brings this action on behalf of the following similarly situated persons: All current and former employees who were misclassified as exempt Assistant Managers or Assistant Unit Managers ("AUM") of Defendants' KFC, Taco Bell and Long John Silver's franchise restaurants located in the United States who work (or have worked) at said restaurants at any time during the applicable limitation's period covered by this Collective Action Complaint (*i.e.* two years for FLSA violations, three years for willful FLSA violations, up to and including the date of final judgment in this matter, and who is the Named Plaintiff and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class").[1]

# IV.

## PARTIES

8. Defendant Fulenwider Enterprises, Inc. ("Fulenwider") is a KFC, Taco Bell, & Long John Silver's franchisee headquartered in Morganton, North Carolina. Fulenwider opened its first KFC franchise restaurant in Morganton in 1965 and now Fulenwider has approximately seventy four (74) Yum! Brand franchise restaurants (Yum! Brands restaurants include KFC, Taco Bell and Long John Silver's) throughout North Carolina, South Carolina, Georgia, Tennessee and West Virginia. A list of Fulewider's Yum! Brands Restaurant locations is attached as Exhibit B. According to Fulenwider's Employee Handbook, Fulenwider's family of companies include, Phoenix Taco, L.L.C., FEII, LLC, Judge's, LLC, Butch's BBQ, Inc., The Colonel's Pantry, Inc., Acedeuce 2,

---

[1] Plaintiff reserves the right to amend the Class Description upon the discovery of additional facts.

LLC, Acedeuce, LLC, and FE No. 3, LLC. Upon information and belief, corporate Defendants Fulenwider, Phoenix Taco, L.L.C., FEII, LLC and FE No. 3, LLC control, own and operate Fulenwider's Yum! Brand franchise restaurants. Fulenwider's Employee Handbook is attached hereto as Exhibit C. Fulenwider's principal executive office is located at 104 Mull Street, Morganton, North Carolina 28655-3315. Fulenwider's Registered Agent is its President, Charles M. Fulenwider, and he can be served process at Fulenwider's principal executive office.

9. Defendant Phoenix Taco, L.L.C. ("Phoenix Taco") is a North Carolina Limited Liability Company with its principal executive office located at 104 Mull Street, Morganton, North Carolina 28655-3315. Phoenix Taco and Fulenwider jointly manage, own and operate KFC, Taco Bell and Long John Silvers' franchise restaurants. Phoenix Taco's Registered Agent is its Manager, Charles M. Fulenwider, and he can be served process at Fulenwider/Phoenix Taco's principal executive office.

10. Defendant Michael Fulenwider is an adult individual and resident of the State of North Carolina and who, at times relevant to this Collective Action Complaint, has been the Vice President of the Fulenwider family of companies. Michael Fulenwider exercised operational control over significant aspects of Fulenwider's day-to-day functions and is therefore individually liable for any violation of the FLSA. Specifically, Michael Fulenwider monitored sales, expenses, labor and food costs, and encouraged store level management to adhere to Fulenwider's strict labor budget. See The Fulenwider Forum, October 2014 Edition, attached hereto as Exhibit D. Additionally, during times relevant to this Collective Action Complaint, Michael Fulenwider was/is responsible for establishing and administering Fulenwider's wage and hour plans, policies and practices.

4

Michael Fulenwider can be served process at the corporate Defendants' principal executive office.

11. Defendant Tom Hirunpugdi is an adult individual and resident of the State of North Carolina and who, at times relevant to this Collective Action Complaint, has been the Director of Operations at the Fulenwider family of companies. Defendant Hirunpugdi exercised operational control over significant aspects of Fulenwider's day-to-day functions and is therefore individually liable for any violation of the FLSA. In addition to Michael Fulenwider, Tom Hirunpugdi "follows up with teams, noting any variances with labor, food cost, or expenses, to ensure sales reports are accurate and any issues are corrected." See Exhibit D, The Fulenwider Forum, October 2014 Edition. Additionally, during times relevant to this Collective Action Complaint, Tom Hirunpugdi was/is responsible for establishing and administering Fulenmwider's wage and hour plans, policies and practices. Tom Hirunpugdi can be served process at the corporate Defendants' principal executive office.

12. Defendant Erskine White is an adult individual and resident of the State of North Carolina and who, at times relevant to this Collective Action Complaint, has been the Director of Human Resources and Chief People Officer of the Fulenwider family of companies. Defendant White exercised operational control over significant aspects of Fulenwider's day-to-day functions and is therefore individually liable for any violation of the FLSA. Additionally, during times relevant to this Collective Action Complaint, Erskine White was/is responsible for establishing and administering Fulenwider's wage and hour plans, policies and practices. Erskine White can be served process at the corporate Defendants' principal executive office.

13. Defendants constitute an integrated enterprise because Defendants' related activities (i.e. jointly owning and operating KFC, Taco Bell and Long John Silver's branded franchise restaurants) performed (either through unified operation or common control) by any person or persons [are] for a common business purpose as that term is defined in the FLSA, 29 U.S.C. § 203(r). Defendants' related activities for a common business purpose are demonstrated by the existence of the previously mentioned employee handbook (Exhibit C) that encompasses the "Fulenwider Enterprises family of companies," a single list of all Fulenwider Enterprises Yum! Brands Restaurant locations (Exhibit B), a single employment application, miscellaneous employment procedural forms, and a single company attendance policy. See Defendants' Employment Application attached hereto as Exhibit E, Defendants' miscellaneous employment forms attached hereto as Collective Exhibit F, and Defendants' Attendance Policy, attached as Exhibit G.

## V.

### ALLEGATIONS

14. Defendants own, operate and KFC, Taco Bell, Long John Silver's franchise restaurants among other restaurants. Upon information and belief, Defendants operate at least seventy four (74) franchised Yum! Brands restaurants in several states across the United States, including Tennessee, Georgia, South Carolina, North Carolina, and West Virginia. Please see a list of Defendants' Yum! Brands Restaurant Locations attached as Exhibit C.

15. The primary function of Defendants' Yum! Brands restaurants are to prepare and sell food and beverage items to customers.

16. Defendants are and/or have been the "employer" of the Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times relevant to this Collective Action Complaint.

17. Plaintiff and all other similarly situated persons are current or former assistant managers or assistant unit managers of Defendants' Yum! Brands restaurants.

18. Defendants employed Plaintiff and those similarly situated and were responsible for establishing and administering pay policies and practices, including pay classifications and overtime pay rates, during all times relevant to this Collective Action Complaint.

19. Defendants have had a centralized plan, policy and practice (scheme) of establishing and administering pay practices for their employees classified as Assistant Managers or Assistant Unit Managers.

20. At all times material to this action, Plaintiff and those similarly situated are or have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA and, worked for Defendants within the territory of the United States within three (3) years preceding the filing of this lawsuit.

21. At all times material to this action, the corporate Defendants have been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00.

22. At all times material to this action, the corporate Defendants have been subject to the pay requirements of the FLSA because they are an enterprise in interstate commerce and their employees are engaged in interstate commerce.

23. Defendants' employ individuals classified as Assistant Managers or Assistant Unit Managers whose primary duties are non-managerial in nature and whose principal duties are to prepare and serve food items to customers.

24. As an assistant manager, the primary duties of Plaintiff and similarly situated putative class members were cleaning, taking orders, servicing customers, and preparing, cooking, and packaging food. Plaintiff and putative class members spent a vast majority of their work-time performing such duties.

25. During the statutory period, Defendants misclassified Plaintiff and other members of the class as salary exempt employees and as such paid Plaintiff and the class a fixed amount per week.

26. During the statutory period, Defendants directed Plaintiff and the putative class to work in excess of forty (40) hours per week, and Plaintiff and the class worked in excess of forty (40) hours per week. Defendants typically scheduled Plaintiff and the class to work a minimum of fifty (50) hours per week. Plaintiff regularly and routinely worked a minimum of fifty (50) hours per week.

27. Defendants failed to compensate Plaintiff and the class at a rate of one and one half time their regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

28. Defendants employ a uniform electronic time keeping system for tracking and reporting employee hours worked at each of its restaurants.

29. Plaintiff and other similarly situated employees of Defendants classified as Assistant Managers or Assistant Unit Managers who have not been paid overtime compensation for all hours worked in excess of forty (40) hours per week, during the relevant statutory

limitations' period, are entitled to receive all such overtime compensation due to them from Defendants.

30. The net effect of Defendants' plan, policy and practice of not paying Plaintiff and other similarly situated employees classified as Assistant Managers Assistant Unit Managers overtime compensation for all hours worked in excess of forty (40) hours per week, during the relevant statutory limitations' period, was a scheme to save payroll costs and payroll taxes for which Defendants have enjoyed ill gained profits at the expense of Plaintiff and other members of the class.

31. Defendants are unable to bear their burden of showing that Plaintiff and the class fall within any of the FLSA overtime exemptions, including but not limited to those announced in 29 C.F.R. §§ 541.300, 541.301, 541.302, 541.303, or 541.304.

32. Upon information and belief, Defendants recently converted all of their Assistant Managers or Assistant Unit Managers to hourly non-exempt employees, and as such pay them an hourly rate for every hour they work, including time and a half (1.5) for hours worked over forty (40) in a workweek.

33. Although at this stage Plaintiff is unable to state the exact amount owed to her and other members of the class, she believes such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

## VI.

## **COLLECTIVE ACTION ALLEGATIONS**

34. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

35. Plaintiff brings this collective action on behalf of Plaintiff and all other persons similarly situated pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b), specifically, as follows:

> All Assistant Managers or Assistant Unit Managers employed by Defendants within the three years preceding the filing of this action who were misclassified as exempt employees even though they primarily performed non-exempt duties.

Upon information and belief, Plaintiff believes that the definition of the class could be further refined following discovery of Defendants' books and records.

36. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

37. The members of the class are so numerous that joinder of all other members of the class is impracticable. While the exact number of the other members of the class is unknown to Plaintiff at this time and, can only be ascertained through applicable discovery, Plaintiff believes there are more than 200 individuals in the putative class.

38. The claims of Plaintiff are typical of the claims of the class. Plaintiff and the other members of the class work or have worked for Defendants' Yum! Brands restaurants and were subject to the same operational, compensation and timekeeping plans, policies and practices, including the failure of Defendants to pay Plaintiff and other employees classified as Assistant Managers or Assistant Unit Managers overtime compensation under the FLSA for all hours worked in excess of forty (40) hours per week during the relevant statutory limitations' period.

39. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

- Whether Plaintiff and other members of the class were misclassified as exempt from the FLSA;

- Whether Plaintiff and other members of the class were expected and/or required to work hours without compensation;

- Whether Defendants suffered and permitted Plaintiff and other members of the class to work hours without compensation;

- Whether Defendants failed to pay Plaintiff and other members of the class all applicable straight time wages for all hours worked;

- Whether Defendants failed to pay Plaintiff and other members of the class all overtime compensation due them for all hours worked in excess of forty (40) hours per week;

- The correct statutes of limitations for Plaintiff's claims and the claims of the other members of the class;

- Whether Plaintiff and other members of the class are entitled to damages, including but not limited to liquidated damages, and the measure of the damages; and,

- Whether Defendants are liable for interest, attorneys' interest, fees, and costs.

40. Plaintiff will fairly and adequately protect the interests of the class as their interests are aligned with those of the other members of the class. Plaintiff has no interests adverse to the class and, Plaintiff has retained competent counsel who are experienced in collective action litigation.

41. Collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual other members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions,

making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

42. Plaintiff and other members of the class have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented and administered by Defendants.

## COUNT I

## **VIOLATION OF THE FLSA IN CONNECTION WITH OVERTIME COMPENSATION**

43. Plaintiff, on behalf of herself and the class, repeat and re-allege Paragraphs 1 through 42 above, as if they were fully set forth herein.

44. At all relevant times, Defendants have been and continue to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Plaintiff and class members also have engaged in interstate commerce during all relevant times to this Collective Action Complaint.

45. At all relevant times, Defendants employed (and/or continues to employ) Plaintiff and each of the other members of the class within the meaning of the FLSA.

46. At all times relevant, Defendants had a uniform plan, policy and practice of willfully refusing to pay the federal applicable overtime compensation to Plaintiff and other members of the class for all hours worked in excess of forty (40) hours per week.

47. At all times relevant, Defendants had actual and/or constructive knowledge of willfully refusing to pay the federal applicable overtime compensation to Plaintiff and other members of the class for all hours worked in excess of forty (40) hours per week.

48. At all times relevant, Defendants did not have a good faith basis for its failure to pay the federal applicable overtime compensation to Plaintiff and other members of the class for all hours worked in excess of forty (40) hours per week.

49. As a result of Defendants' willful failure to pay Plaintiff and other members of the class the applicable federal applicable overtime compensation for all hours worked over forty (40) per week during the relevant statutory limitations' period, they have violated the FLSA, 29 U.S.C. §§ 201, *et seq.*

50. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

51. Due to Defendants' willful FLSA violations and, and their lack of good faith, in its failure to pay Plaintiff and the other members of the class the federal applicable overtime compensation for all hours worked in excess of forty (40) hours per week during the relevant statutory limitations' period, they are entitled to recover from Defendants compensation for unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, individually and/or on behalf of herself and all other similarly situated members of the class demand judgment, jointly and severally, against Defendants, Fulenwider Enterprises, Inc., Phoenix Taco, L.L.C., Michael Fulenwider, Tom Hirunpugdi, and Erskine White as well as to request this Court to grant the following relief against Defendants:

    A.    An Order designating this action as an opt-in collective action on behalf of the class for claims under the FLSA and promptly issuing notice pursuant to 29

U.S.C. § 216 for the claims of the class, apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA claims resulting from the same policy or practice of misclassification by filing individual Consents under 29 U.S.C. § 216(b);

B. An award of compensation for unpaid overtime wages to Plaintiff and other members of the class;

C. An award of liquidated damages to Plaintiff and other members of the class;

D. An award of prejudgment and post-judgment interest at the rate established by the Secretary of the Treasury, pursuant to 29 U.S.C. § 6221, from the date they became due until the date they are paid;

E. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and other members of the class;

F. A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action;

G. All applicable statutory and common law damages;

H. A Declaration that Plaintiffs and other members of the class were misclassified as exempt and entitled to unpaid overtime damages and other common law or statutory damages to be proven at trial;

I. A Declaration that Defendants have willfully violated the FLSA;

J. An Order appointing Plaintiff and Plaintiff's counsel to represent those individuals opting in to the collective action; and

K. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **trial by jury** on all issues so triable.

Dated:  February 15, 2017	Respectfully Submitted,

/s/ Christopher R. Strianese
Christopher R. Strianese (NC BAR 46918)
**STRIANESE HUKERT LLP**

401 North Tryon St., 10th Fl.
Charlotte NC 28202
Tel: (704)998-2577
*chris@strilaw.com*

a *pro hac vice* motion will be forthcoming for:

Gordon E. Jackson (TN BPR #08323)
James L. Holt, Jr. (TN BPR #12123)
J. Russ Bryant (TN BPR #33830)
Paula R. Jackson (TN BPR #20149)
**JACKSON, SHIELDS, YEISER & HOLT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee  38018
Tel:  (901) 754-8001
Fax:  (901) 759-1745
*gjackson@jsyc.com*
*jholt@jsyc.com*
*rbryant@jsyc.com*
*pjackson@jsyc.com*

*Attorneys for the Named Plaintiff, on behalf of herself and all other similarly situated current and former employees*