UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:17-cv-00048-MOC-DLH

| | |
|---|---|
| **HELEN HOLLAND,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **FULENWIDER ENTERPRISES INC.** ) | |
| **TOM HIRUNPUGDI** ) | |
| **PHOENIX TACO L.L.C** ) | |
| **ERSKINE WHITE** ) | |
| **MICHAEL FULENWIDER,** ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the court on plaintiff's Motion for FLSA Conditional Collective Action Certification and Notice. After the motion was fully briefed and competing affidavits were filed, the court calendared the Motion for hearing. At the commencement of the hearing, plaintiff announced that additional putative class members had "opted in" over the weekend. While no affidavits had been secured from such putative members, plaintiff suggested that their claims would be supportive of plaintiff's contentions.

Based on the pleadings before the court at the time of the hearing, plaintiff would certainly be able to move forward with her own FLSA claim, but she would be unable to secure conditional collective action certification under prevailing law. Rehberg v. Flowers Food, Inc., No. 3:12cv596, 2013 WL 1190290, at *2 (W.D.N.C. 2004). The additional, potential opt-in plaintiff's may, however, buttress plaintiff's class claims and, in all fairness, this court needs to reset and

1

consider whether the inclusion of these potential plaintiff's alters the calculus. Defendants will also need time to respond to whatever these additional plaintiffs may aver.

To that end, the court will deny the plaintiff's Motion for FLSA Conditional Collective Action Certification without prejudice. So as to possibly avoid an evidentiary hearing, the parties will be granted leave to depose plaintiff, putative opt-in plaintiffs, and any employees or former employees for either side who have provided an affidavit. Defendants' request for costs is deferred until (and if) this matter reaches judgment.

As discussed at the hearing, this court is not moved by allegations that a restaurant manager had to pitch in and clean tables, help out on the line, or mop floors -- that is what successful restaurant managers and owners do as this court knows from first-hand experience. What is important is whether putative members of management were paid more than non-exempt employees, whether they had authority over those employees, and whether they exercised that authority. There should be ample records from the employer showing whether any given assistant manager signed shift assignment sheets, approved the time or leave of a non-exempt employee, was issued keys, and whether they ever hired, fired, or wrote-up a non-exempt employee. Indeed, during any deposition, those records (or lack thereof) can be explored with the employee. Limited written discovery supportive of any depositions will, therefore, also be allowed.

The parties are strongly encouraged to engage in early discussions aimed at resolving this matter amicably as this court knows all too well the years and costs this type of litigation may involve.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion for FLSA Conditional Collective Action Certification and Notice (#3) is **DENIED** without prejudice and the parties are **GRANTED** leave to conduct limited conditional class certification to include not more than 10 depositions a side and necessary written discovery as to putative class members and any comparators defendants may identify. Defendants' Request for Costs is deferred to the time of issuance of Judgment unless amicably resolved as part of a global settlement.

Signed: June 2, 2017

Max O. Cogburn Jr
United States District Judge