UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:17-cv-48

| | | |
|---|---|---|
| **HELEN HOLLAND, Individually, on behalf of herself and on behalf of all other similarly situated current and former employees,** | ) ) ) ) | |
| Plaintiff, | ) ) | |
| Vs. | ) ) | ORDER |
| **FULENWIDER ENTERPRISES, INC., PHOENIX TACO, L.L.C., MICHAEL FULENWIDER, TOM HIRUNPUGDI, AND ERSKINE WHITE,** | ) ) ) ) ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on plaintiff's Second Motion for FLSA Conditional Collective Action Certification and Notice. Having considered plaintiff's motion and reviewed the pleadings, the court enters the following Order.

I. **Introduction**

Defendants own and/or operate multiple national franchise restaurants as an integrated enterprise. Specifically, Fulenwider Enterprises is headquartered in Morganton, North Carolina, and operates 32 Kentucky Fried Chicken ("KFC") and Taco Bell restaurants in locations throughout western North Carolina and northern Georgia. Phoenix Taco, L.L.C. is headquartered in Charlotte, North Carolina and operates 31 KFC and Taco Bell restaurants throughout the Charlotte market. As part of their operations, defendants employ Assistant Managers at many of their restaurants. These Assistant Managers have a wide array of listed duties, which include interviewing, hiring, disciplining, and terminating employees, setting employee work schedules,

sending employees home, asking them to report to work, distributing work assignments, supervising employees to ensure they meet performance standards and comply with company policy, monitoring and ensuring compliance with food safety standards, monitoring inventory, sales, and other measures of performance, conducting meetings with subordinates, and other associated managerial duties.

Plaintiff worked as an Assistant Manager, but claims that she was a manager in name only, and that the listed duties of Assistant Manager did not represent the lower level work she performed. Plaintiff argues that by misclassifying her position as managerial, defendants are systematically exempting plaintiff, as well as others who are similarly situated, from overtime pay under the Fair Labor Standards Act ("FLSA"). She contends that defendants, through such misclassification, are reaping illicit profits by avoiding paying plaintiff and those similarly situated as required under the FLSA.

Defendants argue that plaintiff did perform managerial duties and is thus properly classified as an exempt employee under the FLSA. Further, defendants argue that plaintiff is not similarly situated to other putative plaintiffs, and that a collective action is thus improper in this matter. Defendants argue that the Court should not conditionally certify the class.

Initially, the court denied conditional certification due to insufficient evidence, but allowed the parties to conduct depositions of plaintiff and a limited number of potential class members in order to assist the court in making a decision. A hearing was held where both parties presented their findings, and plaintiff's Second Motion for FLSA Conditional Collective Action Certification and Notice (#32) is now ripe for review.

## II. Legal Standard

The FLSA provides that a plaintiff "may maintain a collective action against [her] employer for violations under the act pursuant to 29 U.S.C. § 216(b)." Quinteros v. Sparkle Cleaning, Inc., 532 F.Supp.2d 762, 771 (D.Md.2008). In particular, § 216 provides:

> An action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). This consent or opt-in procedure is dependent on this Court exercising its discretion to provide notice to potential plaintiffs, which aids enforcement of the FLSA's collective action provision. Hoffmann–La Roche, Inc. v. Sperling, 493 U.S. 165, 169 (1989). Conditional class certification is a two-stage process. First, the court makes a preliminary determination whether to certify the class based on the record as it stands before the court, allowing discovery to commence in earnest and for potential class members to opt in. Purdham v. Fairfax County Public Schools, 629 F.Supp.2d 544, 547 (E.D.V.A. 2009) (citations and quotations omitted). The second stage occurs only if the Court approves conditional certification and defendants file a motion to decertify, at which point the court makes a new factual determination as to whether the plaintiffs are similarly situated, and determines the status of the class accordingly. Id. The instant motion concerns only the first stage, and the Court will thus only consider the second stage if it becomes necessary later.

At the first stage, proposed class members must be "similarly situated." Quinteros, 532 F.Supp.2d at 771 (quoting 29 U.S.C. § 216(b)); see also Romero v. Mountaire Farms, Inc., 796 F.Supp.2d 700, 705 (E.D.N.C. 2011). The FLSA does not define "similarly situated," and the

Fourth Circuit Court of Appeals has not yet provided guidance on how "similarly situated" should be applied. That said, other sources offer persuasive guidance on what a trial court should consider. Where, as here, the legal issue at stake is exemption or overtime, the inquiry into whether putative class members are "similarly situated" means that plaintiff must show "at least a manageably similar factual setting with respect to their job requirements and pay provisions, but their situations need not be identical." Kearns, The Fair Labor Standards Act, § 18.IV.D.3 (1999). Allowance of issuance of notice is thus "appropriate" where the proposed class members' claims "share common underlying facts and do not require substantial individualized determinations for each class member." MacGregor v. Farmers Ins. Exch., 2012 WL 2974679, at *2 (D.S.C. July 20, 2012). At this point, the primary focus is whether plaintiff and opt-in plaintiffs are "'similarly situated with respect to the legal and, to a lesser extent, the factual issues to be determined.'" De Luna-Guerrero v. The North Carolina Grower's Assoc., 338 F.Supp.2d 649, 654 (E.D.N.C. 2004) (quoting Kearns, *supra*, at 1167). The burden on the plaintiff at this stage is fairly lenient, requiring nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan. Mancía v. Mayflower Textile Servs. Co., 2008 WL 4735344, at *2 (D.Md. Oct.14, 2008) (citations and quotations omitted); Jackson v. New York Telephone Co., 163 F.R.D. 429, 431–32 (S.D.N.Y.1995); Romero, 796 F.Supp.2d at 705.

The Court will not "resolve factual disputes, decide substantive issues on the merits, or make credibility determinations." Solais v. Vesuvio's II Pizza & Grill, Inc., 2016 WL 1057038, at *6 (M.D.N.C. Mar. 14, 2016) (quoting Adams v. Citicorp Credit Servs., Inc., 93 F.Supp.3d 441, 454 (M.D.N.C. 2015)). Further, a close evaluation of individualized issues at this step "would properly delve into the merits of Plaintiffs' claims." Beasley v. Custom Commc'ns, Inc., 2016 WL

5468255, at *5 (E.D.N.C. Sept. 28, 2016) (citing Long v. CPI Sec. Sys., Inc., 292 F.R.D. 296, 303 (W.D.N.C. 2013)); see also McLaurin v. Prestage Foods, Inc., 271 F.R.D. 465, 470 (E.D.N.C. 2010) ("[C]ourts have routinely recognized that where an employer has a common practice of failing to pay employees for all hours worked, factual distinctions of the type claimed by [defendant] provide no basis to deny initial certification of a collective action under the FLSA."); Syrja v. Westat, Inc., 756 F. Supp. 2d 682, 690 (D. Md. 2010) (holding that regardless of whether plaintiffs were similarly situated, "[t]he merits of [plaintiff's] claims, or those of others, are matters for another day").

The Court is mindful at this early stage of the litigation that plaintiff's burden "is less stringent than the ultimate determination of whether the class is properly constituted." Marroquin v. Canales, 236 F.R.D. 257, 259 (D.Md. 2006) (citation omitted). While plaintiff's allegations must consist of more than vague allegations "with 'meager factual support,'" the burden is not so great as to be required to submit evidence that would enable the court to reach a conclusive determination whether a class of similarly situated plaintiffs exists. Williams v. ezStorage Corp., 2011 WL 1539941, at *2 (D. Md. Apr. 21, 2011). To satisfy this standard, plaintiff must make only a relatively modest factual showing. D'Anna v. M/A–COM, Inc., 903 F.Supp. 889, 894 (D.Md.1995)).

In matters where some amount of discovery has taken place, as is the case here, a more stringent standard of proof has been applied by some courts when determining whether plaintiffs are similarly situated. However, this court will continue to apply the normal, more lenient standard, following precedent established by the bulk of the federal district courts within the purview of the Fourth Circuit. See Long, 292 F.R.D. at 299; see also Essame v. SSC Laurel Operating Co. LLC,

847 F.Supp.2d 821, 826-27 (D.Md. 2012) (declining to apply intermediate standard after parties engaged in limited discovery, holding that such a standard prematurely skews the burden of proof and injects unnecessary uncertainty into the proceedings); Butler v. DirectSAT USA, LLC, 876 F.Supp.2d 560, 566-67 (D.Md. 2012); Romero, 796 F.Supp.2d at 705; Enkhbayar Choimbol v. Fairfield Resorts, Inc., 475 F.Supp.2d 557, 562-63 (E.D.Va. 2006).

However, even under this more lenient standard, courts may still deny conditional certification where plaintiffs allege improper classification, since "[e]mployees' status under the FLSA may vary, even if they have the same job title, if their job responsibilities and duties differ among each other." In re Family Dollar FLSA Litig., 2014 WL 1091356, at *2 (W.D.N.C. Mar. 18, 2014) (citing Evancho v. Sanofi–Aventis U.S. Inc., et al., 2007 WL 4546100 (D.N.J. Dec. 19, 2007)). Simply put, the common factual nexus must be more substantial than allegations that plaintiff and opt-in plaintiffs share a job description and job title. Id.; see also Myers v. Hertz Corp., 624 F.3d 537, 549 (2d Cir. 2010) (holding that "the fact of common exception does not establish whether all plaintiffs were *actually* entitled to overtime pay") (emphasis in original).

### III. Discussion

Here, plaintiff seeks conditional certification of the following class:

> All current and former employees who were misclassified as exempt Assistant Managers or Assistant Unit Managers ("AUM") of Defendants' KFC, Taco Bell and Long John Silver's franchise restaurants located in the United States who work (or have worked) at said restaurants at any time during the applicable limitation's period covered by this Collective Action Complaint (*i.e.* two years for FLSA violations, three years for willful FLSA violations), up to and including the date of final judgment in this matter, and who is the Named Plaintiff and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b).

Doc. #32 at 1. Plaintiff Holland alleges that she and opt-in plaintiffs Hernandez-Cruz, Scott, and Carter were misclassified as exempt in order to avoid paying them overtime. Plaintiff alleges that

they all have the same or similar job title; shared the same or substantially similar job descriptions; provided the same or substantially similar non-management services to defendants' customers; routinely worked in excess of forty hours per week; and were all uniformly denied overtime premiums pursuant to defendants' determination that they were exempt employees. Doc. #33 at 3.

In response, defendants focus mainly on plaintiff's misclassification, arguing that the limited discovery in this case demonstrates that plaintiff and opt-in plaintiffs clearly performed managerial duties and were thus appropriately classified as exempt. Defendants also contend that plaintiff is not similarly situated to opt-in plaintiffs, due to differences highlighted by their respective depositions.

Here, the Court finds that, as a result of the additional discovery in this case, plaintiffs have met the lenient standard of demonstrating that plaintiff and opt-in plaintiffs are similarly situated. Plaintiff has shown more than merely that she and the opt-in plaintiffs share a job title or description, and the depositions taken support a factual nexus that meets the modest showing standard. See In re Family Dollar, 2014 WL 1091356 at *2; Myers, 624 F.3d at 549. Plaintiff and opt-in plaintiffs have provided enough facts to allege that they were the victims of misclassification in order to avoid receiving overtime pay. Furthermore, based on the additional discovery, plaintiff has done enough to allege that she and opt-in plaintiffs are sufficiently similarly situated to meet the lenient standard, such as in amount of hours worked and amount of time spent on non-managerial tasks.

While the Court agrees that plaintiff's contention that she and the opt-in plaintiffs were wrongly classified is not strongly supported at this time, to rule on that aspect now would reach the merits of the litigation and is thus inappropriate at this stage. See Solais, 2016 WL 1057038,

at *6. Similarly, while the Court takes note of differences between plaintiff and opt-in plaintiffs revealed by the depositions and highlighted by defendants, the court believes that examining those more closely "would improperly delve into the merits of Plaintiffs' claims" and undermine the purpose of the lenient standard established for this stage of the proceedings. Beasley, 2016 WL 5468255, at *5 (citing Long, 292 F.R.D. at 303); see also McLaurin, 271 F.R.D. at 470. While the Court will allow conditional class certification at this time, it reserves the right to revisit this matter, should defendants later file a motion to decertify. Furthermore, the Court will not immediately approve plaintiff's proposed class notice and consent forms. Instead, the Court will provide time for both parties to meet and discuss notice documents before jointly submitting a document to the court.

Finally, the Court once again urges the parties to arrive at an amicable resolution to this matter, as the Court has overseen similar litigation in the past and knows very well the expense and such matters can have on both sides. This is the type of matter that can be resolved by skilled attorneys, and the parties are therefore encouraged to engage in serious settlement discussions before submitting the class notice documents to the court for approval.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

(1) plaintiff's Second Motion for FLSA Conditional Collective Action Certification and Notice (#32) is **GRANTED**;

(2) within fourteen (14) calendar days of this Court's Order, defendants shall provide plaintiff's counsel (in computer-readable electronic format) the names, job locations,

dates of employment, mailing addresses, phone numbers, and email addresses of all persons who are, have been, or will be employed by defendants as Assistant Unit Managers or Assistant Managers at defendants' restaurants within the last three years; and

(3) within thirty (30) calendar days of this Court's Order, counsel for the conditional class are directed to file a Motion for Approval of Opt-in Notice and attach as exhibits the proposed opt-in notice and consent forms. Plaintiff's counsel should note in the caption of the motion whether the Motion for Approval is contested or unopposed, and the motion should highlight any disagreements on language requiring the Court's attention.

Signed: February 2, 2018

Max O. Cogburn Jr.
United States District Judge